IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Hilda Quinones, | NO. C 05-03570 JW |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| Target Stores, et al., | |
| Defendants. | |

## I. INTRODUCTION

This lawsuit arises out of an employment dispute between Hilda Quinones ("Plaintiff") and Defendant Target Corporation ("Target"). Plaintiff originally filed this lawsuit in the Monterey Superior Court. Defendants removed. Presently before this Court is Plaintiff's Second Motion to Remand. (See Plaintiff's Second Motion to Remand, hereafter, "Plaintiff's Second Motion," Docket Item No. 1.) The Court held a hearing on November 7, 2005. Based upon all the papers filed to date and oral arguments, the Court GRANTS Plaintiff's Second Motion to Remand.

## II. BACKGROUND

Target owns and operates a retail store in Salinas, California, which employs approximately 150 employees. (Declaration of Alison L. Tsao in Support of Defendant Target Corporation's Opposition to Plaintiff's Motion to Remand, hereafter, "Tsao Decl.," Ex. 1, Compl. ¶ 1.) Plaintiff was an employee in that

1  store. Originally, Plaintiff was hired in 1994 to work as a sales clerk. By 1998, Plaintiff had been
2  promoted to a signing supervisor; in 1999, Plaintiff was promoted to a sales supervisor. Throughout her
3  employment with Target, Plaintiff received favorable performance reviews and regular pay increases.
4  (Tsao Decl., Ex. 1, Compl. ¶ 2.)

Plaintiff sustained three injuries during the course of employment: 1) On March 18, 1996, Plaintiff injured her back while stepping down a ladder; 2) On March 11, 2000, Plaintiff slipped and fell and injured her left lower extremity and upper extremity; 3) On April 21, 2003, Plaintiff was struck by a falling box and injured her head, neck and left shoulder. (Tsao Decl., Ex. 1, Compl. ¶ 3.)

The Complaint alleges that on July 11, 2003, only a few months after Plaintiff sustained injuries, Robert Banuelos, Target's Human Resources Manager, informed Plaintiff that she could no longer work for Target because they "did not want supervisors with disabilities." (Tsao Decl., Ex. 1, Compl. ¶ 4.)

On October 6, 2004, Plaintiff filed a lawsuit against Target Stores in Monterey County Superior Court. On March 15, 2005, Defendants removed the case to the District Court of Northern District of California on the basis of diversity of citizenship. 28 U.S.C. § 1441. Upon Plaintiff's motion, on May 18, 2005, the Court remanded the case to the state court. (See C 05-01099-JW Docket Item No. 19.)

As the result of subsequent proceedings in the state court, Defendants once again removed the case to the District Court of the Northern District Court of California under 28 U.S.C. § 1441. (See C 05-03570-JW Docket Item No.1.) Before this Court is Plaintiff's motion to remand the second removal.

### III. DISCUSSION

**A.    Target's Removal.**

A defendant may remove to federal court any civil action brought in a state court that originally could have been filed in federal court. 28 U.S.C. § 1441(c). Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over any civil action where the dispute is between citizens of different states and the amount in controversy exceeds $75,000. In this case, Plaintiff is a resident of California and Target is a Minnesota corporation. Plaintiff does not dispute the amount in controversy exceeds the jurisdictional minimum. Accordingly, Target's removal was proper.

//

**B.       Plaintiff's Motion to Remand.**

Title 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction. Id. § 2:609. Removal statutes are construed restrictively, so as to limit removal jurisdiction. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In an effort to ease the docket of the federal courts, Congress has enacted provisions limiting removal of certain actions based solely on diversity. Title 28 U.S.C. § 1445(c) sets one such limitation; it states: "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

Since Target has established the grounds for federal jurisdiction based on diversity, the Court must look to Plaintiff's Complaint to see whether certain claims asserted by Plaintiff make the lawsuit non-removal.

In the previous remand action, the Court concluded that it "simply cannot tell what claim(s) Plaintiff is/are asserting," but that, "Plaintiff potentially states a claim under California Labor Code § 132(a)." (See C 05-1099 JW, Docket Item No. 10.) Under section 132(a), the Workers' Compensation Appeals Board has exclusive jurisdiction over such claims. Portillo v. G.T. Price Products, Inc., 131 Cal.App.3d 285, 287 (1982). On this basis, the Court remanded the lawsuit.

Once the lawsuit was remanded to the Monterey County Superior Court, Target filed a Motion for Judgment on the Pleadings, on the grounds that Plaintiff's § 132a claim is within the exclusive jurisdiction of the Workers' Compensation Administration Board and because the § 132(a) claim is barred by the applicable statute of limitations. (Opp'n at 1.)

On August 12, 2005, at a hearing on Target's Motion for Judgment on the Pleadings, Plaintiff's counsel, Alfred Lombardo, argued that Plaintiff was not asserting a § 132(a) claim, but that § 132(a) provided the public policy upon which Plaintiff bases her "Tameny" claim. Based on counsel's oral representation at the hearing, the state court found that "Plaintiff's is not alleging a separate cause of action

3

1  based on a violation of the Labor Code § 132(a)" and thus, found Target's motion "moot."  (Tsao Decl.
2  Ex. 6.)

3  As the result of the state court ruling, Target once again removed to Federal court pursuant to 28
4  U.S.C. § 1441.  Plaintiff contends that the lawsuit should be remanded back to state court because her
5  "Tameny" claim based on Labor Code § 132(a) does "arise under" the workers' compensation law of the
6  State of California and therefore, not removable.  (Motion at 3.)

**C.     Whether Plaintiff's Tameny Claim "Arises" Under the California Workers' Compensation Laws.**

California Workers' Compensation statutes provide the exclusive remedy "without regard to negligence ... for any injuries sustained by ... employees arising out of and in the course of employment." California Labor Code § 3600.  However, an exception to the Workers' Compensation exclusivity rule arises when the employers conduct violates public policy.  Tameny v. Atlantic Richfield Co., 27 Cal.3d 167 (1980).  Such a claim has become known as a Tameny claim.

Tameny stands for the proposition that a termination of an employee is tortious when it violates a fundamental public policy.  Id. 27 Cal.3d 167, 176 (1980).  A plaintiff must show that the public policy is delineated in a constitutional or statutory provision, or in administrative regulations that serve a statutory objective.  Green v. Ralee Engineering Co., 19 Cal.4th 66, 79-80 (1998).  The California Supreme Court has held that disability discrimination may form the basis of a common law wrongful discharge claim.  City of Moorpark v.. Superior Court, 18 Cal.4th 1143, 1161 (1988).

Plaintiff Complaint alleges that she ". . . was thus terminated from her employment and discriminated against by the defendant on the basis of the physical disability caused by her work injuries." (Tsao Decl. Ex. 1, Compl. ¶ 5.)  To tie this allegation to a statutory provision, Plaintiff alleges that "[t]he defendant's adverse actions against the plaintiff also violated a fundamental public policy of the State of California embodied in California Labor Code § 132a which prohibits employers from taking adverse action against an employee because she sustained work injury or filed a workers' compensation claim." (Id.)  During the hearing at the state court on Target's motion, Plaintiff clarified for the court that ". . . aspect of the complaint is based on the fact that defendant, in effect, retaliated, discriminated against

4

[plaintiff], because she had industrial injuries, and received a worker compensation rating." (Tsao Decl. Ex. 5 at 3.)

Based on these representations, Target argues that the retaliatory discharge claim is an independent tort with a judicially created remedy that forms a separate cause of action from claims brought under the workers' compensation statutes. Plaintiff contends that the claim for retaliatory discharge is embodied in section 132(a).

It is well established that the removability of claims for retaliatory discharge resulting from the exercise of workers' compensation rights depends on whether the claim arises under a workers' compensation law, or whether retaliatory discharge is an independent common-law tort. As the parties have acknowledged, authorities are split on the issue of whether a claim for retaliatory discharge arises under the state workers' compensation law and the Ninth Circuit has not yet addressed the question. Courts that have addressed the issue turn to the terms of the state's compensation statute for analysis. Accordingly, the Court will look to section 132(a) for clarification. California Labor Code section 132(a) states in relevant parts:

> It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment.
>
> (1) Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250). Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

Cal. Lab. Code §132(a).

From the plain language of the statute, it appears that the California legislature has created a substantive right to be free from retaliatory discharge, including a specification for remedies.

The Court has found that where a few retaliatory discharge cases denying remand under section 1445(c), the cause of action was not part of the statutory scheme. See e.g., Alexander v. Westinghouse Hittman Nuclear, Inc., 612 F.Supp. 1118, 1121 (D.C. Ill. 1985); Kilpatrick v. Martin K. Eby Construction Co., Inc., 708 F.Supp. 1241, 1243 (N.D. Ala. 1989). However, where the state's workers'

5

compensation statute does not even prohibit, much less provides a private remedy for retaliatory discharge, the cause of action will be seen as an independent tort. Smith v. Union Carbide, 664 F.Supp. 290, 292 (E.D. Tenn.1987); Waycaster v. AT & T Technologies, Inc., 636 F.Supp. 1052 (N.D. Ill.1986).

Target contends that Judge Hamilton's 2001 decision in Fucci v. Pacific Bell Telephone Compnay, 2001 WL 182377 (N.D. Cal. Feb. 3, 2001), is determinative as to whether a claim for wrongful termination in violation of public policy falls within the purview of Section 1445(c). Target liberally reads Judge Hamilton's decision by arguing that Fucci stands for the proposition that general tort claims for retaliatory discharge do not bar removal. (Def's Opp'n at 6.) In doing so, Target ignores Judge Hamilton's entire analysis which reads, ". . . where [a] suit is brought under a general tort theory or a state civil rights statute prohibiting retaliatory discharge, *not enacted by that state's legislature* to enable workers to vindicate their rights under workers' compensation laws, the courts have found that § 1445(c) does not bar removal." Fucci, 2001 WL 182377 at 3. (emphasis added). Judge Hamilton's decision is not authority for removability if the state has enacted a statute.

This Court holds that if a state legislature has recognized a public policy against retaliatory discharge within a workers' compensation statute, a complaint for wrongful termination in violation of that public policy is not  removal under § 1445(c).

Target also cites a case out of the district of New Mexico to support its position that a tort claim for termination allegedly in retaliation for filing workers' compensation claim is not barred by § 1445(c). Rubio vs. McAnally Enterprises, L.L.C., 374 F. Supp.2d 1052, 1053 (D. NM. 2005.)  Contrary of Target's contention, Rubio supports the proposition that to determine whether or not a retaliatory discharge claim arises out of the workers' compensation, courts have turned to the terms of the state's compensation statute for analysis. The Rubio court recognized that unlike New Mexico, other jurisdictions have "expressly created a private cause of action permitting a plaintiff to collect retaliatory discharge damages under their workers' compensation laws." Id. at 1054. The court held that in these jurisdictions, it would seem plain that a claim for retaliatory discharge arises under the law that creates the case of action and provides a remedy. Rubio recognized that federal courts in those states have routinely remanded retaliatory discharge cases back to state court in an effort to avoid undermining the state's statutory scheme of providing an

6

outlet for pursuing workers' compensation benefits free of retaliation. Id. California does indeed have a statutory scheme providing for a substantive right for those pursuing workers' compensation benefits to be free of retaliation.

Furthermore, since one of the requirements of a Tameny claim is that the public policy is delineated in a constitutional or statutory provision, Plaintiff has rightfully cited a public policy delineated in section 132(a). California workers' compensation statute clearly creates a substantive right to be free from retaliatory discharge after making a workers' compensation claim. Accordingly, the Court finds that Plaintiff's Tameny claim "arises under" California workers' compensation law and therefore, cannot be removed.

## IV. CONCLUSION

The Court GRANTS Plaintiff's Second Motion to Remand. The case is remanded to the California Superior Court for Monterey County. The Clerk of this Court shall close the file.

Dated: November 23, 2005

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alfred Lombardo allombardo@rolmlaw.com
Alison L. Tsao atsao@cdflaborlaw.com
Natalie A. Beccia nbeccia@cdflaborlaw.com

**Dated: November 23, 2005**              **Richard W. Wieking, Clerk**

                                          **By:/s/JWchambers**
                                          **Ronald L. Davis**
                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California